UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20071-BLOOM

BENJEE NICOLAS,

    Plaintiff,

v.

EDWARD J. O'DONNELL, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)

**THIS CAUSE** came before this Court on *pro se* Plaintiff Benjee Nicolas's Complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. [3]. Because Plaintiff is a *pro se* litigant who seeks leave to proceed IFP, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint must be **DISMISSED** under § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

**I.   BACKGROUND**

Plaintiff is a Florida state prisoner confined at the Okeechobee Correctional Institution. His Complaint's allegations are unclear, but he appears to assert various claims arising from his state criminal prosecution. Plaintiff alleges that he has obtained newly discovered evidence revealing that his "defense attorney never filed [Plaintiff's] motion to recuse." ECF No. [1] at 2. Plaintiff

claims that various actors in his state criminal case conspired to conceal the fact that the trial judge who presided over his case "was a former detective" who "aid[ed] his former partners in [Plaintiff's] case." *Id*. Plaintiff further alleges that his appellate counsel was not given the opportunity to argue this issue on appeal. He states that his trial counsel "was the root factor that contributed to the fraudulent concealment during Plaintiff['s] motion to recuse hearing on February 12, 2004." *Id*. at 5. Plaintiff claims that the state attorney who prosecuted the case, the trial judge, and his trial attorney conspired "not to appeal and to mislead Plaintiff as to the result." *Id*. Plaintiff also alleges that there was "no fingerprint evidence" in his case, that his trial attorney misadvised him about testifying in his own defense, and that his appellate attorney was "removed" for pursuing the "conflict of interest issue." *Id*. at 5–6. Finally, Plaintiff claims he is being "kidnapp[ed]" by the Florida Department of Corrections "because [his] mail is being withheld," and that the "Clerk of Court refuses to forward [the] document in which relief can be found." *Id*. at 6.

Plaintiff sues seven Defendants: (1) his trial attorney; (2) the assistant state attorney; (3) the (now retired) trial judge; (4) "appellate counsel"; (5) the Warden of his facility; (6) the Secretary of the Florida Department of Corrections; and (7) the Clerk of Court. *Id*. at 1, 4. For relief, Plaintiff seeks damages of $15,000 per day from the date he filed the Complaint "until [his] case is resolved," a declaration that "fraud on the court" occurred in his criminal case, and "to relieve Plaintiff from final judgment." *Id*. at 2.

## II.   LEGAL STANDARD

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A

party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Id*. To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.    DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "where success would *necessarily imply* the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (citing *Heck*, 512 U.S. at 487–88) (emphasis in original). As the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the

plaintiff "seek[s] damages directly attributable to conviction or confinement." *Heck*, 512 U.S. at 487 n.6. For *Heck* to apply, a successful § 1983 suit and the underlying conviction must be logically contradictory such that the § 1983 suit would negate the conviction. *See Dyer v. Lee*, 488 F.3d 876, 879–80, 884 (11th Cir. 2007). *Heck* generally bars any challenges to a previous conviction unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

Although Plaintiff does not expressly allege that his state conviction is invalid, it is clear from his Complaint that he seeks damages directly attributable to his conviction and confinement. Plaintiff asserts claims of ineffective assistance of counsel and prosecutorial and judicial misconduct which, presumably, would render his conviction invalid if proven. In addition, Plaintiff seeks relief "from final judgment"—which presumably refers to his criminal judgment—and damages for each day "until [his] case is resolved"—which presumably means release from confinement. Therefore, it is apparent that Plaintiff's claims "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Plaintiff does not specify the state criminal case in which the alleged issues arose, but this Court takes judicial notice of the fact that Plaintiff is currently serving concurrent life sentences for first degree murder and armed robbery in Case Nos. F-02-06923-C and F-02-07369 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.[1] Those convictions, which became final in 2006, have not been invalidated nor

---

[1] Federal Rule of Evidence 201 permits the Court to take judicial notice of the online dockets in Plaintiff's state criminal cases. *See Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013). The online dockets are available at https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (search Case Nos. "F0206923C" and "F0207369").

otherwise called into question. *Heck*, 512 U.S. at 487. Therefore, Plaintiff may not use § 1983 to obtain damages for the alleged constitutional violations that occurred in these cases.[2]

Even if *Heck* did not bar Plaintiff's claims, they are still subject to dismissal because he sues Defendants who are not amenable to suit under § 1983. First, Plaintiff sues his defense attorney (and presumably his appellate attorney), who are not a state actors for the purposes of § 1983. *See Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (attorneys—even public defenders—are not state actors and are therefore not subject to § 1983 liability for conduct related to their representation in criminal cases). Second, Plaintiff sues the assistant state attorney in his criminal case, who is immune from suit for his role in prosecuting Plaintiff's case. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). And third, Plaintiff sues the trial judge who presided over his case, and judges are immune from suit for actions taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction" (quotation omitted)). Plaintiff's allegations do not suggest the trial judge acted in the clear absence of all jurisdiction.

Lastly, Plaintiff has not stated a claim against the Warden, the Secretary of the Department of Corrections, or the Clerk of Court. Plaintiff merely alleges that the Warden and the Secretary are liable for "kidnapping because Plaintiff['s] mail is being withheld." ECF No. [1] at 6. Plaintiff provides no other facts to support this claim. Likewise, Plaintiff merely alleges that the Clerk of

---

[2] To the extent Plaintiff directly challenges the validity of his criminal judgments and seeks release from confinement, his sole remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (claims that challenge the validity of a conviction or sentence and seek immediate or speedier release from custody are not cognizable under § 1983 because the sole remedy for such claims is a writ of habeas corpus).

Court "refuses to forward document in which relief can be found," without any additional factual support. As mentioned, Plaintiff must provide more than "labels and conclusions" to state a plausible claim for relief. *Twombly*, 550 U.S. at 555. Conclusory allegations are insufficient in § 1983 actions. *See Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) ("conclusory allegations of constitutional violations" are insufficient to state a § 1983 claim).

IV. **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
2. Plaintiff's Motion for Leave to Proceed *in forma pauperis* **ECF No. [3]** is **DENIED as moot.**
3. The Clerk of Court is directed to **CLOSE** this case.

To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Benjee Nicolas, *PRO SE*
M56808
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972